JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 10 1980

PATRICIA D. HOWARD
CLERK OF THE PANEL

7/10/80

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE IBP CONFIDENTIAL BUSINESS DOCUMENTS )   DOCKET NO. 428
LITIGATION                                  )

OPINION AND ORDER

BEFORE ANDREW A. CAFFREY, CHAIRMAN, AND ROY W. HARPER,
CHARLES R. WEINER, EDWARD S. NORTHROP, ROBERT H. SCHNACKE,
FREDERICK A. DAUGHERTY, AND SAM C. POINTER, JR., JUDGES
OF THE PANEL.

PER CURIAM

This litigation consists of four actions pending in three districts as follows: two actions in the Northern District of Iowa, and one action each in the Southern District of Iowa and the District of Minnesota. Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, filed by Iowa Beef Processors, Inc.,(IBP) (plaintiff in one of the actions in the Northern District of Iowa and defendant or co-defendant in the remaining actions) and attorneys Edward W. Rothe and Lee A. Freeman, Sr., (co-defendants in the Southern District of Iowa and Minnesota actions) for centralization of all actions in the Northern District of Iowa for coordinated or consolidated pretrial proceedings.

I.  BACKGROUND

   A.  Prior Panel Proceedings in a Related Docket

   In MDL-315, In re Iowa Beef Processors Employment Termination Contract Litigation, the Panel considered transfer of three actions pending in the Southern District of Iowa,

FPI—MAR—3-27-79-6M-1781

the Northern District of Iowa, and the Southern District of New York, respectively (the MDL-315 actions).

The complaints in two of the MDL-315 actions, the Northern District of Iowa action and the New York action (IBP actions), were virtually identical. Plaintiff in those two actions was IBP. Defendants included Hughes A. Bagley, a former employee of IBP; Hans Aarsen, another former employee of IBP; four attorneys, Irving Stern, Albert J. Krieger, Lex Hawkins and John A. Cochrane; and three officers of the Amalgamated Meat Cutters and Butcher Workmen of North America, AFL-CIO (Butchers Union), as representatives of a defendant class, pursuant to Fed.R.Civ.P. 23.2, consisting of all members of the Butchers Union. Both complaints filed by IBP charged that in early 1977 the defendants, including Hawkins and Cochrane, conspired to obtain from defendants Bagley and Aarsen confidential information and documents about IBP's operation; that disclosure of these documents would be damaging to IBP and would be helpful to Cochrane and Hawkins in an antitrust action (the packer action) in which they were representing the plaintiff, Meat Price Investigators Association (MPIA), against IBP and other defendants in the Southern District of Iowa;[1] that the disclosures by Bagley violated not only his fiduciary

---

[1] This action was transferred by the Panel to the Northern District of Texas for inclusion in the centralized pretrial proceedings in MDL-248, In re Beef Industry Antitrust Litigation, 432 F. Supp. 211 (J.P.M.L. 1977).

duties to IBP but also the terms of a contract (the settlement agreement) that had been entered into between him and IBP in connection with Bagley's separation from his employment with IBP; and that the disclosures by Aarsen violated his fiduciary duties to his former employer. In these actions IBP sought damages, and declaratory and injunctive relief.

The Southern District of Iowa action (Hawkins) was instituted by Hawkins and Cochrane. Defendants were IBP and Edward W. Rothe and Lee Freeman, Sr., two attorneys for IBP. Plaintiffs in Hawkins alleged that defendants, by instituting the IBP actions, had abused the judicial process in an attempt 1) to unfairly obtain documents assembled by Hawkins and Cochrane in connection with their prosecution of the packer action in MDL-248; 2) to deny Hawkins and Cochrane access to information and documents concerning IBP which were necessary to prosecution of the packer action; and (3) to hinder Hawkins and Cochrane in their prosecution of the packer action. Plaintiffs in Hawkins further alleged that the settlement agreement executed by IBP and Bagley was void and unenforceable, and that the attempt to enforce that agreement by filing the IBP actions was actually a form of harassment. Plaintiffs in Hawkins requested a declaratory judgment that the settlement agreement was void, injunctive relief and damages.

Hawkins and Cochrane moved the Panel for an order pursuant to 28 U.S.C. §1407 transferring the two IBP actions to the Southern District of Iowa for coordinated or consolidated pretrial proceedings with Hawkins. IBP, Freeman and Rothe

opposed transfer.

The Panel held oral argument on the motion in MDL-315 on September 30, 1977, in Boston, Massachusetts. During the course of argument defendants in the New York IBP action consented to waive any objection to venue and jurisdiction in the Iowa IBP action. Counsel for IBP then stated that IBP would dismiss its New York action, effectively leaving only two actions before the Panel. At that point, the Panel members conferred and then, in a ruling from the bench, announced that the Panel would deny transfer because only two actions were remaining in the litigation.

B.  The Actions Presently Before the Panel

Two of the actions presently before the Panel were also before the Panel in MDL-315. Those actions are the IBP action in the Northern District of Iowa and Hawkins in the Southern District of Iowa.

On November 17, 1977, the Southern District of Iowa court dismissed Hawkins because of improper venue. The court concluded that venue in Hawkins could only arise where the claimed abuse of process arose, and that the abuse of process claim arose in the Northern District of Iowa by IBP's filing of its action there. On appeal the United States Court of Appeals for the Eighth Circuit affirmed the dismissal as to Cochrane's claim but reversed as to Hawkins' claim, holding that the service of the allegedly abused process on Hawkins in the Southern District of Iowa was more significant for venue than the filing of IBP's lawsuit and the issuance of the process in the Northern District of Iowa. The Court

of Appeals also stated that the service of process on Cochrane in the District of Minnesota would support venue there. The Eighth Circuit held, additionally, that the Hawkins-Cochrane abuse of process claim was not a compulsory counterclaim to IBP's lawsuit in the Northern District of Iowa. Cochrane v. Iowa Beef Processors, Inc., 596 F.2d 254 (8th Cir. 1979), cert. denied, 99 S.Ct. 2848 (1979).

Consistent with the ruling of the Eighth Circuit, Cochrane filed the Minnesota action (Cochrane) against IBP, Rothe and Freeman in June, 1979. The allegations track completely the allegations in Hawkins.

The fourth action (Bagley) presently before the Panel was brought in October, 1979, by Bagley against IBP in the Northern District of Iowa. Bagley alleges that IBP 1) is guilty of abuse of process as a result of naming Bagley a defendant in the IBP action; 2) has maliciously caused Bagley's former employer to terminate Bagley's employment; 3) has made it difficult for Bagley to secure future employment; 4) has libeled Bagley; and 5) has invaded Bagley's privacy.

IBP filed motions, pursuant to 28 U.S.C. §1404(a), in both Hawkins and Cochrane to transfer each action to the Northern District of Iowa, where the IBP and Bagley actions are pending. On January 16, 1980, the Southern District of Iowa court found transfer of Hawkins under Section 1404(a) blocked by the Eighth Circuit's ruling that the Northern District of Iowa was not a district where Hawkins' claim might have been brought. On February 13, 1980, the Minnesota court denied IBP's Section 1404(a)

motion to transfer Cochrane for the same reason offered by the Hawkins court. At the same time, the court in Cochrane stayed further proceedings in Cochrane pending a final determination by the court in the IBP action on the issue of the validity of the IBP-Bagley settlement agreement.

II. HOLDING AND REASONING OF THE PANEL

As noted above, IBP moves the Panel to centralize the four actions in this litigation in the Northern District of Iowa for coordinated or consolidated pretrial proceedings. Hawkins, Cochrane and Bagley oppose centralization. The officers of the Butchers Union named as defendants in the IBP action in the Northern District of Iowa have stated that they neither support nor oppose the motion to transfer.

We find that the four actions involve common questions of fact and that transfer of the actions pending in districts other than the Northern District of Iowa to that district for coordinated or consolidated pretrial proceedings with the actions pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Opponents to centralization assert that movants have not demonstrated that any common questions of fact among the actions in this litigation are so complex and that accompanying discovery will be so time-consuming as to warrant transfer. Rather, opponents argue that individual questions predominate in their respective actions, and they urge that resolution of these actions will be needlessly delayed if centralized with the IBP action for coordinated

or consolidated pretrial proceedings. Opponents to transfer contend that the benefits of Section 1407 proceedings can be achieved without transfer through voluntary cooperation among the concerned parties, counsel and courts. Accordingly, opponents urge the Panel to remain consistent with its decision in MDL-315 by denying transfer of the actions in the present docket.

    We find these arguments unpersuasive. Several issues in each of the four actions raise substantial common factual questions. For example, the issue of the validity of the Bagley-IBP settlement agreement will be present not only in the IBP action and Bagley, but also in Hawkins and Cochrane because plaintiffs in the latter two actions seek a declaratory judgment that the settlement agreement is void. Similarly, movants represent that (1) the conspiracy, alleged in the IBP action, to induce Bagley to turn over IBP documents to Hawkins and Cochrane is also relevant to the other three actions because a key part of IBP's defense in the three abuse of process actions will be that IBP had no ulterior motive in filing the IBP action but instead sought redress for damages wrought by a conspiracy aimed at IBP; and 2) discovery regarding the thousands of IBP documents allegedly given to Hawkins and Cochrane by Bagley, which will show the type of confidential information Hawkins and Cochrane received through Bagley, is relevant to all four actions because it will demonstrate the damage done to IBP by the conspiracy alleged in the IBP action, and it will help to establish a defense to the claims against IBP in the

other three actions. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve judicial resources.

Opponents' suggestion of voluntary or informal cooperation among the parties, counsel and courts involved in the litigation is commendable. These opponents, however, were also parties to the actions in MDL-315, and they have had, since the Panel's denial of transfer in that docket, an opportunity to establish a program of informal coordination that would avoid duplicative discovery, minimize the risk of inconsistent pretrial rulings, and expedite pretrial proceedings. No successful program has yet been implemented, and thus we are convinced that centralization of these actions in a single district under Section 1407 is necessary in order to ensure the streamlining of discovery and all other pretrial proceedings as well. See In re Gas Meter Antitrust Litigation, 464 F. Supp. 391, 393 (J.P.M.L. 1979). The transferee judge, of course, has the authority to schedule any pretrial proceedings that are unique to particular parties, claims or actions to proceed concurrently with the common pretrial proceedings, thereby permitting the litigation to proceed expeditiously in all areas. See In re Multi-Piece Rim Products Liability Litigation, 464 F. Supp. 969, 974 (J.P.M.L. 1979). Moreover, the transferee judge has power to provide that no party need participate in pretrial proceedings unrelated to that party's interests. See, e.g., Manual for Complex Litigation, Parts I & II, §§2.31 (rev. ed. 1977).

The Northern District of Iowa is clearly the most appropriate transferee district for this docket. Two actions, including the IBP action, which is the seminal action in this litigation, are already pending there. IBP's corporate offices are located in a Nebraska suburb of Sioux City, Iowa, and thus many key witnesses and relevant documents are likely to be found in and around the Northern District of Iowa. See In re LTV Corp. Securities Litigation, 470 F. Supp. 859, 862 (J.P.M.L. 1979). Furthermore, the familiarity with this litigation that the Honorable Edward J. McManus has developed as a result of presiding over pretrial proceedings to date in the IBP action is an important factor favoring selection of the Northern District of Iowa as the transferee forum. See In re Griseofulvin Antitrust Litigation, 395 F. Supp. 1402, 1403 (J.M.P.L. 1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Northern District of Iowa be, and the same hereby are, transferred to the Northern District of Iowa and, with the consent of that court, assigned to the Honorable Edward J. McManus for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

DOCKET NO. 428

SCHEDULE A

### NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| Iowa Beef Processors, Inc. v. Patrick E. Gorman, et al. | C.A. No. C-77-4040 |
| Hughes A. Bagley v. Iowa Beef Processors, Inc. | C.A. No. 2 C 79-4087 |

### SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Lex Hawkins v. Iowa Beef Processors, Inc., et al. | C.A. No. 77-219-2 |

### DISTRICT OF MINNESOTA

| | |
|---|---|
| John A. Cochrane v. Iowa Beef Processors, Inc., et al. | C.A. No. 3-79-304 |

FPI—MAR—3-27-79-6M-1781